

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00282-CV

**IN RE STATE OF TEXAS**

Original Mandamus Proceedings[1]

Opinion by:      Marialyn Barnard, Justice
Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting:      Karen Angelini, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed:   May 28, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On April 23, 2014, relator the State of Texas filed a petition for writ of mandamus challenging the trial court's order denying a party's plea to the jurisdiction. Relator complains, in part, that the parties and the court failed to provide notice to the attorney general of a party's challenges to the constitutionality of a state statute as required by the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 402.010(a) (West Supp. 2013). The record reflects that the petitioner in the underlying proceeding for divorce or, alternatively, suit affecting the parent-child relationship, filed multiple pleadings challenging the constitutionality of Texas state laws. The record does not reflect that notice of the constitutional challenge with a copy of the pleadings was

---

[1] This proceeding arises out of Cause No. 2012CI02421, styled *A.L.F.L. v. K.L.L.*, pending in the 438th Judicial District Court, Bexar County, Texas, the Honorable Barbara Hanson Nellermoe presiding.

provided to the attorney general as required by statute. Therefore, we conditionally grant mandamus relief.

## Background

A.L.F.L. and K.L.L. were married in Washington, D.C. in 2010. In February 2013, after the couple had returned to Texas, K.L.L. gave birth to a child conceived through artificial insemination. A.L.F.L. and K.L.L. then separated five months later. The couple's out-of-state marriage certificate was registered as a foreign judgment in Texas in October 2013 without objection.[2] A.L.F.L. filed a suit for divorce and, in the alternative, a suit affecting the parent-child relationship in February 2014.

K.L.L. filed a motion to dismiss the divorce proceeding, a plea to the jurisdiction, a request to decline jurisdiction and an original answer, asserting that Texas laws prohibiting same-sex marriage and the recognition of out-of-state same-sex marriages preclude the trial court's authority to entertain the divorce action. A.L.F.L. responded to these motions by asserting, in part, that Article 1, Section 32 of the Texas Constitution and related provisions of the Texas Family Code are unconstitutional. The trial court conducted a hearing on March 27, 2014, on K.L.L.'s first amended plea to the jurisdiction and motion to deny divorce filing. The parties submitted trial briefs after the oral hearing and the court subsequently entered an order denying both the plea to the jurisdiction and the motion to dismiss the divorce proceeding.

The order, signed on April 22, 2014, holds Article 1, Section 32 of the Texas Constitution and Texas Family Code section 6.204 facially unconstitutional and Texas Family Code sections 102.003 and 160.204(a)(1) unconstitutional as applied. The trial court ordered that A.L.F.L.'s request for temporary orders be set for hearing in the district court and that a copy of the order be

---

[2] Cause No. 2013-CI-17882, styled *A.L.F.L. v. K.L.L.,* filed in the 438th Judicial District Court, Bexar County, Texas.

sent to the Office of the Attorney General. The trial court e-mailed a copy of its order to the attorney general's office the same day. The State filed a petition in intervention in the trial court the following day, as well as this original petition for writ of mandamus.

In addition to arguing that the trial court's order is substantively erroneous, the State contends in this mandamus proceeding that the trial court abused its discretion by issuing a decision invalidating a state constitutional provision and a state statute without providing prior notice to the attorney general. This court issued a temporary stay of the challenged order pending the determination of the mandamus proceeding.

### Analysis

Mandamus is an extraordinary remedy and properly issues only to correct a clear abuse of discretion or the violation of a duty imposed by law where there is no other adequate legal remedy. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). A clear abuse of discretion occurs when the trial court fails to comply with a duty clearly mandated by statute or the rules of procedure. *Manuel v. Spector*, 712 S.W.2d 219, 221 (Tex. App.—San Antonio 1986, orig. proceeding). Mandamus is appropriate to enforce a procedural requirement to provide notice. *See In re Acceptance Ins.*, 33 S.W.3d 443, 454 (Tex. App.—Fort Worth 2000, orig. proceeding).

When a party to litigation "files a petition, motion or other pleading challenging the constitutionality of a statute of this state," the Texas Government Code requires that the party or the court provide notice and a copy of the pleadings to the attorney general "if the attorney general is not a party to or counsel involved in the litigation." TEX. GOV'T CODE ANN. § 402.010(a) (West Supp. 2013). This statute provides that the party asserting the constitutional challenge "shall" file in the trial court a form adopted by the Office of Court Administration indicating which pleadings should be served, and the court "shall" serve notice and a copy of the pleadings "by certified or

registered mail or electronically to an e-mail address designated by the attorney general for the purposes of this section." *Id*.

The purpose of this statute is to provide the attorney general with the opportunity to be heard on issues important to the laws of the state — the laws the attorney general's office is charged with defending and enforcing. It is undisputed that A.L.F.L.'s pleadings contain constitutional challenges and that neither the parties nor the trial court followed the requirements of section 402.010. Although the statute provides that the failure to provide notice as required does not deprive the trial court of jurisdiction, we conclude that the trial court's determination of the constitutional challenges without prior notice to the attorney general deprives the State of an important right and constitutes an abuse of discretion for which mandamus relief is available. *See Acceptance Ins*., 33 S.W.3d at 454.

In her response to the petition for writ of mandamus, A.L.F.L. contends that the trial court did not abuse its discretion because the State does not have a justiciable interest in the outcome of the underlying proceeding. The statute requiring notice to the attorney general of constitutional challenges includes no such requirement. The statute is clear and requires the court to provide notice in any litigation in which a party raises a constitutional challenge to state laws. A.L.F.L.'s argument is, therefore, unavailing.

In addition however, due to the nature of the complaint raised by this original proceeding, we conclude that the State does have a justiciable interest in the underlying controversy sufficient to entitle it to seek mandamus relief regarding the trial court's failure to provide the required notice. *See Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (recognizing that a person need not be a party to the underlying litigation to seek mandamus relief). Although the State did not file its intervention until after the order at issue was signed by the trial court, it seeks by this proceeding to protect its right to notice as required by statute. For the reasons discussed in this opinion, we

conclude that the attorney general was entitled to notice of the constitutional challenges plead in the underlying proceeding and, accordingly, the State is entitled to pursue mandamus relief to redress the trial court's failure to provide it.

A.L.F.L. further argues that the attorney general was not entitled to notice because the statute requiring it has been held by the Texas Court of Criminal Appeals to create an unconstitutional violation of the separation of powers. *See Ex Parte Lo*, 424 S.W.3d 10, 29 (Tex. Crim. App. 2013) (denying the State's motion for rehearing which was based in part on the allegation that the Court of Criminal Appeals erred by finding a penal code provision unconstitutionally overbroad without first providing notice to the attorney general). The Court of Criminal Appeals' holding in *Ex parte Lo* is not binding in this civil proceeding, however. *See* TEX. CODE CRIM. PROC. ANN. art. 4.04 (West 2005) ("The Court of Criminal Appeals shall have . . . final appellate and review jurisdiction in criminal cases. . .").

Alternatively, A.L.F.L. argues that the trial court complied with the statutory requirement and provided adequate notice by sending a copy of its order to the attorney general's attention after its entry. A.L.F.L. relies on the case of *In re C.M.D.* in support of this proposition. *See In re C.M.D.*, 287 S.W.3d 510, 514 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (holding evidence that attorney general's office was provided with a copy of the trial court's order finding the state's paternity registry statute unconstitutional satisfied any notice required by Texas Family Code section 37.006(b)). We find *C.M.D.* distinguishable.

The trial court in *C.M.D.* determined sua sponte that portions of the family code were unconstitutional. *Id*. at 513. Hence, there were no pleadings by the parties which could have been provided to the attorney general's office in advance of the trial court's ruling. The court of appeals determined that providing a copy of the order after the fact satisfied the requirements of the Family Code in that circumstance. *Id*. at 514. Here, in contrast, the parties filed pleadings raising

constitutional challenges to state laws which the trial court considered at a hearing, in addition to evidence and argument.

Finally, A.L.F.L. contends that the trial court did not abuse its discretion because it acted in accordance with a recent order issued by the United States District Court for the Western District of Texas in the case of *De Leon v. Perry*. *See De Leon v. Perry*, No. SA-13-CA-00982-OLG, 2014 WL 715741, at *1 (W.D. Tex. Feb. 26, 2014). According to A.L.F.L., because the trial court's order mirrored in many respects the preliminary injunction ordered by the federal district court, the trial court did not act "without reference to any guiding rules or principles of law." A.L.F.L.'s argument is again misplaced. The *De Leon* case involves two homosexual couples who have brought challenges to the prohibition of same-sex marriage under Texas's constitutional amendment — one couple seeking recognition of an out-of-state marriage, and one seeking to marry in Texas. *Id*. at *1. Both suits sought declaratory and injunctive relief enjoining state officials from enforcing Article I, Section 32 of the Texas Constitution and the corresponding provisions of the Texas Family Code. *Id*. at *3. The Attorney General of the State of Texas was a party to the litigation in both cases. Therefore, the notice requirement under the Government Code was not at issue. The federal district court's order in *De Leon* is inapplicable to the question of whether the trial court here abused its discretion by failing to provide notice of constitutional challenges as required by statute.

Because we conclude the trial court clearly abused its discretion in entering the challenged order without providing prior notice to the State, we do not reach the remainder of the State's arguments regarding the substance of the trial court's ruling.

## Conclusion

Based on the foregoing analysis, we hold the trial court abused its discretion in failing to provide notice to the attorney general of a constitutional challenge to Texas state laws raised by a

party's pleading in the underlying litigation. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order of April 22, 2014, and provide the notice required by the Texas Government Code prior to conducting a hearing on K.L.L.'s plea to the jurisdiction and ruling on the constitutionality of Texas state laws. *See* TEX. GOV'T CODE ANN. § 402.010(a) (West Supp. 2013). The writ will issue only if the trial court fails to vacate its order as directed within ten days from the date of this court's order. The temporary stay previously granted by this court will remain in effect until the April 22, 2014 order has been vacated.

Marialyn Barnard, Justice